IN THE UNITED STATES DISTRICT COURT   FILED
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION   01 FEB 16 AM 8: 49

U.S. ___ ___ COURT
N.D. OF ALABAMA

LULA T. BECKWITH,

    Plaintiff,

vs.                                                  CASE NO. CV-00-J-97-NW

BELLSOUTH TELECOMMUNICATIONS,        **ENTERED**
et al.,
                                                     FEB 16 2001
    Defendants.

## MEMORANDUM OPINION

Currently pending before the court is the defendants' motion to dismiss (doc. 45), to

which the plaintiff submitted a response. The defendants also filed a joint motion for

summary judgment (doc. 49), and brief in support thereof ("brief in support"), to which the

plaintiff submitted a memorandum in opposition and the defendants submitted a reply to

plaintiff's opposition. The court has reviewed the motions, the memoranda of law and the

evidentiary submissions of the defendants.

Plaintiff commenced this action by filing a complaint (doc. 1) on January 10, 2000.

After counsel was appointed to represent her, an amended complaint was filed (doc. 5),

alleging that defendant BellSouth discriminated against her on the basis of her race (black),

in violation of 42 U.S.C. § 1981 (Count I), 42 U.S.C. § 2000e-2 (Count II) and Title VII

(Count III). Plaintiff secured additional counsel (doc. 10) and filed an additional amendment

to the complaint (doc. 13), adding a cause of action for ERISA violations (Count IV), adding

defendant Kemper National Services, Inc. ("Kemper") as a party and adding a claim for

*59*

FMLA violations (Count V). Plaintiff's court appointed attorney and additional counsel then withdrew (docs. 16 and 19). Plaintiff then requested the court to continue her case to allow her to obtain new counsel (doc. 21), which this court granted (doc. 22). Plaintiff obtained new counsel shortly after the defendant's motion for summary judgment was filed.

The pending motion to dismiss filed by defendants (doc. 45) is based upon a Chapter 13 Bankruptcy petition filed by the plaintiff and her husband on December 29, 1998. *See* Exhibit 1 to motion to dismiss; plaintiff's depo. at 28. Due to the submission of evidence in support of the motion, the court ordered this motion to dismiss treated as a motion for summary judgment under Federal Rules of Civil Procedure Rule 12(b) and said motion has been fully briefed by the parties.[1] Upon consideration of the pleadings, memoranda of the parties, and evidentiary submissions, the court concludes that the motion to dismiss (doc. 45), considered as a summary judgment, is due to be granted.

In the light most favorable to the plaintiff, the facts of this case are as follows:

The plaintiff began working for the defendant BellSouth in 1976. Amended complaint at ¶ 5. She was terminated on October 19, 1998. Amended complaint at ¶ 5. Prior to her termination, the plaintiff had been suspended for ten days in May, 1998 in response to a customer's complaint. Amended complaint at ¶ 8. She had also been

---

[1]The plaintiff, now represented by counsel, filed a response to the defendants' motion to dismiss, in which plaintiff argues, *inter alia*, that the defendants were not creditors of the plaintiff and her husband.

disciplined prior to this time.[2]   Amended complaint at ¶ 11.   Plaintiff alleges white employees were less severely disciplined than she and other black employees.   Amended complaint at ¶¶13-16.  Plaintiff also makes an allegation that her discipline increased after becoming a union steward.  Amended complaint at ¶ 18.  She further alleges that she and other blacks were not given proper disclosure of benefits under the FMLA, were discriminated against in attempting to obtain FMLA benefits, and were discriminated against in their attempts to obtain short term and long term disability benefits.  Amended complaint at ¶¶ 20, 23-24.  Further, the plaintiff complains that her request for short term disability benefits in August, 1998 was unfairly denied.  Amended complaint at ¶ 25.

The plaintiff's main assertion seems to be that she was unfairly denied short term disability leave in August, 1998, by defendant Kemper, who administrated this benefit program for defendant BellSouth.   Based on Kemper's failure to approve her medical problems as eligible for short term disability benefits, BellSouth terminated the plaintiff for her failure to return to work.  *See* letters of September 11, 1998 (two letters), September 16, 1998, October 15, 1998 and October 20, 1998, submitted as Exhibit 1 to defendants' motion for summary judgment.

The plaintiff never identified her causes of action against BellSouth or Kemper while her bankruptcy case was pending.  The bankruptcy was dismissed on February 9, 2000 as

---

[2]The court notes that the complaints about discipline prior to January 10, 1998 would be barred by a two year statute of limitations as well as the failure to file an EEOC charge within 180 days of the alleged events.  As such, only the plaintiff's May, 1998 discipline is properly before this court.

the "estate of the above-named debtor has been fully administered." Exhibit 1A to defendants' motion to dismiss. This was one month after this litigation was filed. Under the plan, of $218,205.03 in debts claimed by creditors; $5,295.22 was paid. *Id.* No mention of these claims was listed in Schedule B to the plaintiff's bankruptcy petition. *Id.* at 1B.

Because of the omission to list these claims, the defendants argue that the plaintiff lacks standing to pursue these claims. Defendant's motion to dismiss at 3. Clearly, if the plaintiff's cause of action against BellSouth and Kemper accrued before her filing of bankruptcy, she had a duty to list these causes of action as assets of her estate. 11 U.S.C. § 541(a)(1). *See also Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). Further, if the claims accrued while the bankruptcy was pending, the plaintiff had a duty to file an amendment to her list of assets. 11 U.S.C. § 541(a)(7).

The court is thus faced with the question of when this cause of action would have accrued. The Eleventh Circuit has stated that a cause of action accrues with facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated. *Smith v. McClammy*, 740 F.2d 925, 926 (11th Cir.1984); citing *Doyle v. University of Alabama in Birmingham*, 680 F.2d 1323, 1325 (11th Cir.1982). Given the nature of the plaintiff's claims, her claim for discriminatory treatment arose in May, 1998, seven months before she filed the bankruptcy. *See* amended complaint. Her claim for wrongful termination arose in October, 1998, two months before she filed bankruptcy. See letter of October 20, 1998, submitted in Exhibit 1 to defendants' motion for summary judgment. The only claim which arguably had not accrued by December 29, 1998 would be the plaintiff's

4

ERISA and FMLA claims due to plaintiff's engaging in Kemper's appeal process for the denial of her benefits. *See* letters of November 30, 1998 and December 3, 1998, submitted in Exhibit 1 to defendants' motion for summary judgment. This claim clearly accrued by February, 1999, two months after the plaintiff filed Chapter 13 bankruptcy, when her appeals claiming the denial of her short term benefits was improper were exhausted. *See* Summary Plan Description and letter of February 17, 1999, submitted in Exhibit 1 to defendants' motion for summary judgment. *See also* declaration of Marisol Suro, submitted as Exhibit 2 to defendant's motion for summary judgment, at ¶ 12.

The sequence of events before this court is quite similar to those facing the court in *SFC Valve Corporation v. Wright Machine Corporation*, 105 B.R. 720 (S.D.Fla.1989). In that case, the plaintiff brought a fraud action before the court two weeks after its bankruptcy case was closed. *SFC Valve Corp.*, 105 B.R. at 721. That court relied on *Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir.1982), where the court held that the assignee of a bankrupt could not subsequently assert an antitrust action against defendants without first seeking a reopening of bankruptcy proceedings or obtaining an order of abandonment. *SFC Valve Corp.*, 105 B.R. at 722. The *SFC Valve* court noted that the Judge Kennedy in the Stein case (now Justice Kennedy of the United States Supreme Court) reasoned that the debtor's failure to list the antitrust claim in bankruptcy court prevented the asset from vesting in the assignee at the close of the bankruptcy proceedings. *Id.*

Here, in the light most favorable to the plaintiff, all but two of her causes of action in this case accrued before she filed her Chapter 13 bankruptcy petition. Under 11 U.S.C.

5

541(a)(1), these claims were property of the estate at the time the bankruptcy petition was filed. The remaining two claims, for ERISA and FMLA violations, vested no later that the end of January, 1999, one month after the petition was filed and more than a year before the proceeding was closed. The plaintiff had a duty to disclose these claims under 11 U.S.C. § 541(a)(7). Because the bankruptcy proceeding was still pending at the time the plaintiff's remaining two claims accrued, that forum was readily available to the plaintiff to assert all of the claims alleged here. Quoting the *Stein* court, the *SFC Valve* court noted that:

> If a debtor in possession were permitted to omit claims in bankruptcy and later assert title to them, there might be an induc*e*ment to do so, to the prejudice of the creditors; interests. Such a rule would undermine the fiduciary status of the debtor in possession. **Whether or not the failure to list the asset in the case before was intentional, the opportunity for concealment must be considered in formulating the proper general rule** (emphasis added)."

*SFC Valve Corp.*, 105 B.R. at 722-723, citing *Stein,* 691 F.2d at 891. *See also Phoenix Petroleum Co. v. U.S.*, 215 F.3d 1345 (Fed.Cir.1999) (unpublished decision reported at 1999 WL 521189 at * 4) ("If a debtor is permitted to pursue, post-bankruptcy, claims that it could have but did not disclose to the creditors who approved a plan of reorganization, the debtor can keep to himself the proceeds of the claim that otherwise would have been shared with creditors in the bankruptcy proceedings"). The court in *SFC Valve Corp.* concluded that the action before it could not continue unless and until the plaintiff sought a reopening of the bankruptcy case or an abandonment of the asset from the bankruptcy court. *SFC Valve Corp.*, 105 B.R. at 723. Claims of Chapter 13 plaintiffs are the property of their bankruptcy

estates. *Monroe v. CUNA Mutual Insurance Society*, 1999 WL 1078702 at * 6 (W.D.Tenn. 1999), citing *Donato v. Metropolitan Life Ins. Co.*, 230 B.R. 418 (N.D.Cal.1999).

In a recent decision, Judge Acker, of the Northern District of Alabama, found that judicial estoppel acts as a bar to a debtor's assertion of claims not disclosed in an earlier bankruptcy proceeding when the later assertion is both inconsistent with the debtor's representations to the bankruptcy court and a deliberate manipulation of the judicial system. *Chandler v. Samford University,* 35 F.Supp.2d 861, 865 (N.D.Ala.1999). In that case, the court undertook a discussion of judicial estoppel and noted that the doctrine required a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from a deliberate manipulation of the courts. *Id.*, at 863, citing *Ryan Operations, G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3rd Cir.1996). The court in Chandler notes that courts of various jurisdictions have held that a debtor's assertion of legal claims not disclosed in earlier bankruptcy proceedings constitutes an assumption of inconsistent positions. Chandler, 35 F.Supp.2d at 863 (citations omitted).

As to the second prong of the analysis, the *Chandler* court noted that many courts have found that "the combination of a party's knowledge of the claim and motive for concealment in the face of an affirmative duty to disclose the claim provides sufficient evidence of intent to manipulate the judicial system. *Id.*, at 864 (citations omitted). This court finds the reasoning of *Chandler* to be persuasive.

Applying this two pronged analysis to the facts before this court, the court finds that the plaintiff failed to disclose claims here which she knew had accrued and had even filed

7

EEOC charges.[3]  *See* 10/26/98 EEOC charge, submitted as Exhibit 5 to defendant's motion for summary judgment. "A Chapter 13 debtor has a duty to disclose all interests in property the estate acquires after the commencement of the estate." *Chandler*, 35 F.Supp.2d at 864; 11 U.S.C. § 541(a)(7). Despite this duty, the plaintiff failed to amend her schedule to reflect her assets.  This court finds an enormous benefit can accrue to a plaintiff who fails to mention such an asset and then files suit after the conclusion of the bankruptcy proceedings. Just as in *Chandler* where the plaintiff stated she would have disclosed her claims against the defendant had her attorney informed her that such disclosure was necessary, 35 F.Supp.2d at 865, the plaintiff here filed an affidavit stating that she had no intent to deceive the Bankruptcy Court and relied on her attorney[4] (doc. 53).

Even if this plea of innocence is true, it is irrelevant.  *See Chandler*, 35 F.Supp.2d at 865.  The bankruptcy schedules signed by the plaintiff state to identify any pending administrative proceedings.  The plaintiff here has represented herself pro se on and off in this litigation, doing an admirable job of filing legally appropriate motions and pleadings. Similarly, in the bankruptcy matter, the plaintiff filed at least one legally appropriate motion pro se.  While this court's conclusions do not depend on any assessment of the plaintiff's credibility, the court has trouble accepting that the plaintiff has had no idea until January of 2001 that she had a duty to inform the bankruptcy court of her claims against these

---

[3]The plaintiff argues in her response to the motion to dismiss that the "plaintiff had not filed a charge of discrimination at the time she petitioned for bankruptcy relief." The court finds this statement to be patently false, as the plaintiff filed her first charge of discrimination on October 26, 1998. *See* exhibit 5 to defendant's motion for summary judgment.

[4]The court notes that this affidavit was not notarized.

defendants.   Because the plaintiff did not disclose these claims against the defendants in her bankruptcy, she has lost the right to pursue these claims.  *See Luna v. Dominion Bank of Middle Tennessee,* 631 So.2d 917, 918 (Ala.1993); *in accord, Epperson v. Evans, Porter, Bryan & Company, et al.,* CV 95-PT-3232-M.

## IV. Conclusion

Having found the reasoning of *Chandler v. Samford, supra,* to be persuasive, and recognizing judicial estoppel as a bar to a debtor's assertion of claims not disclosed in an earlier bankruptcy proceeding when the later assertion is both inconsistent with the debtor's representations to the bankruptcy court and a deliberate manipulation of the judicial system, this court finds that the plaintiff has presented no genuine issue of material fact to preclude the entry of judgment in the defendants' favor.

It is therefore **ORDERED** by the court that the defendants' motion to dismiss, which this court has treated as a motion for summary judgment, be and hereby is **GRANTED** on all counts of all of plaintiff's complaints and judgment shall be entered in favor of the defendants and against the plaintiff by separate order.

The court finding that the case is disposed of by the defendants' motion to dismiss, the court does not reach the merits of the defendants' motion for summary judgment.

**DONE** and **ORDERED** this the ___16___ day of February, 2001.


INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

9